IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LUMBERMEN'S UNDERWRITING ALLIANCE, as subrogee of J. GIBSON McILVAIN COMPANY** | * | |
| | * | |
| **Plaintiff** | * | |
| v. | * | CIVIL NO.:  1:08-CV-1529 |
| **OBRECHT REALTY SERVICES, INC., et al.** | * | |
| | * | |
| **Defendants** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO COMPLAINT

NOW COMES the Defendant, Chiptec Corporation (hereinafter referred to as "Chiptec"), by its attorneys, Anthony D. Dwyer and the Law Offices of Anthony D. Dwyer, and, pursuant to the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and Demand for Jury Trial as follows:

1. Defendant Chiptec denies paragraphs 1 through 3 of the Complaint on the basis that it has insufficient information to admit or deny the allegations contained therein and, therefore, denies them.

2. As to paragraph 4 of the Complaint, Defendant Chiptec admits that it is a corporation existing under the laws of the State of Vermont, with its principal place of business at 54 Echo Place, Unit #1; however, it is not located in South Burlington, Vermont, but rather, Williston, Vermont.  All other allegations in paragraph 4 are denied.

3. Defendant Chiptec is without sufficient information to admit or deny the allegations contained in paragraph 5 of the Complaint and, therefore, denies them.

### Affirmative Defenses

4. The Complaint fails to state a claim upon which relief may be granted and should be dismissed.

    5.       The allegations in the Complaint are barred by the statute of limitations.

    6.       The allegations in the Complaint are barred by the statutory repose.

    7.       Plaintiff voluntarily assumed the risk of liability and is therefore barred from recovery.

    8.       Plaintiff was contributorily negligent and said negligence was the proximate cause of the alleged injuries so as to bar recovery in this action.  If the Plaintiff was injured in this case, the proximate cause of the injuries was the result of superseding and intervening causes, not the responsibility of Defendant Chiptec.  The risk encountered by Plaintiff was open and obvious to persons exercising the appropriate standard of care for their personal safety and, therefore, this claim is barred.

    9.       In response to Plaintiff's specifically numbered paragraphs of the Complaint, Defedant Chiptec states:

    a)       As to paragraphs 6 through 12 of the Complaint, Defendant Chiptec is without sufficient information to admit or deny the allegations contained therein and, therefore, denies them.

    b)       As to paragraphs 13, 14, and 15 of the Plaintiff's Complaint, Defendant Chiptec denies allegations and averments against it.

    c)       Paragraphs 16 through 18 of the Complaint pertain to another Defendant. Chiptec denies any allegations contained in those paragraphs.

    d)       Paragraphs 19 through 21 of Count II pertain to another named Defendant; therefore, Defendant Chiptec denies any allegations as it pertains to those paragraphs.

    e)       Paragraphs 22 through 24 are specifically denied by Defendant Chiptec as to each allegation and averment.

    f)       Paragraphs 25 through 28 of Count IV pertain to another Defendant.  To the extent any of the allegations pertain to Defendant Chiptec, Defendant Chiptec denies same.

    g)       Paragraphs 29 through 32 pertain to another Defendant.  To the extent that any allegations or averments pertain to Defendant Chiptec, Defendant Chiptec denies same.

   h)  As to paragraphs 33 through 36 of Count VI, Defendant Chiptec specifically denies each and every allegation and averment as it pertains to them.

  WHEREFORE, Defendant Chiptec requests that the Court dismiss the claim.

            Respectfully submitted,

            /s/  Anthony D. Dwyer_____
            Anthony D. Dwyer, Bar #07397
            Law Offices of Anthony D. Dwyer
            6011 University Boulevard
            Suite 480
            Ellicott City, Maryland 21043
            410-720-4672
            *Attorney for Defendant,*
            *Chiptec Corporation*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 4th day of August, 2008, a copy of the foregoing **Answer to Complaint** was electronically served and mailed, first class, postage prepaid:

Thomas M. Wood, IV, Esquire
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland  21202
*Attorney for Plaintiff*

and was mailed, first class, postage prepaid, to:

OF COUNSEL:
Mark T. Mullen, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA  19103

            /s/  Anthony D. Dwyer_____
            Anthony D. Dwyer, Bar #07397