**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **LUMBERMEN'S UNDERWRITING ALLIANCE, as subrogee of J. GIBSON McILVAIN COMPANY** | * | |
| | * | |
| **Plaintiff** | * | |
| **v.** | * | **CIVIL NO.:  1:08-CV-1529** |
| **OBRECHT REALTY SERVICES, INC.,** et al. | * | |
| | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**DEFENDANT CHIPTEC CORPORATION'S
MOTION FOR SUMMARY JUDGMENT**</u>

Defendant, Chiptec Corporation, by and through its counsel, Anthony D. Dwyer and the

Law Office of Anthony D. Dwyer, and pursuant to Rule 56 of the Federal Rules of Civil

Procedure, hereby moves this Court for entry of an Order of Judgment in this case on the

grounds that the Plaintiff cannot prove a claim of negligence against this Defendant as a matter

of law.

In support of its Motion for Summary Judgment, Defendant respectfully directs this

Court's attention to the Memorandum of Points and Authorities in support of its Motion,

attached hereto and incorporated herein by reference, and for reasons states:

1.      Plaintiff instituted this subrogation action against the Defendant for a fire that

occurred on the McIlvain lumberyard on June 10, 2007, in Baltimore County, Maryland.  The

fire took place in the lumberyard's boiler building.  Chiptec Corporation (hereinafter referred to

as "Chiptec") supplied and installed the equipment to convert the lumberyard sawdust into fuel

to power the kilns at the lumberyard.  Chiptec's equipment was located in the Boiler Building

2.      The Defendant installed the Chiptec equipment in the fall of 2000.  The boiler house was operational in November 2000.  The fire occurred more than six years after the building was in use.

3.      Plaintiff contends that during the initial construction project in 2000, Chiptec negligently advised the electrician, Stamper Electric, that the boiler building was not a hazardous location.  Chiptec was under no contractual duty to Stamper Electric.  Chiptec's only contract for services was with the owner of the lumber yard, J. Gibson McIlvain.

4.      Chiptec never held itself out as an electrician.  Chiptec did not contract with the owner of the lumber yard to design, manufacture, install, and/or specify light fixtures for the boiler buiding.

5.      Lumbermen's Underwriting Alliance (hereinafter referred to as "Lumbermen's") contends that the information supplied to Stamper Electric caused the electrician to install a light fixture in the sawdust pit of the boiler building which was not an explosion proof fixture.

6.      The light in the saw dust pit operated for more than six years without incident. Plaintiff contends that it is the source of the fire on June 10, 2007, despite the fact that the Baltimore County Fire Marshall, and the cause and origin experts for Defendants Obrecht Realty Services, Inc. (hereinafter referred to as "Obrecht"), Stamper Electric, and Chiptec all concur that the fire is the result of unknown causes.

7.      Plaintiff cannot prove that Defendant Chiptec owed a duty of care to specify the lighting in the boiler building; Plaintiff cannot prove that the light fixture that worked without a problem for more than six years proximately caused the fire more than six years after installation and use.  Plaintiff cannot prove a *prima facie* case of negligence in Maryland.

WHEREFORE, there being no material fact at issue in this case, Chiptec requests that the

Court enter an Order of summary judgment in its favor and dismiss this Defendant from all

claims arising out of this action.

Respectfully submitted,

/s/  Anthony D. Dwyer
Anthony D. Dwyer, Bar #07397
Law Office of Anthony D. Dwyer
6011 University Boulevard
Suite 480
Ellicott City, MD  21043
(410) 720-4660
*Counsel for Defendant, Chiptec Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of June, 2009, a copy of the foregoing

**Defendant Chiptec Corporation's Motion for Summary Judgment,  Memorandum of**

**Points and Authorities in Support of Motion for Summary  Judgment, and proposed Order**

was electronically served and mailed, first class, postage prepaid, to:

Thomas M. Wood, IV, Esquire
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland  21202
*Counsel for Plaintiff*

Mark T. Mullen, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA  19103
*Counsel for Plaintiff*

Mark J. Strong, Esquire
Law Offices of Jonathan P. Stebenne
201 South Charles Street, Tower II
Suite 1101
Baltimore, MD  21201
*Counsel for Defendant,*
*Obrecht Realty Services, Inc.*

Stephen S. McCloskey, Esquire
Jeaneen J. Johnson, Esquire
Semmes, Bowen & Semmes
25 South Charles Street, Suite 1400
Baltimore, MD  21201
*Counsel for Defendant,*
*Stamper Electric, Inc.*

/s/  Anthony D. Dwyer_____
Anthony D. Dwyer, Bar #07397

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **LUMBERMEN'S UNDERWRITING** | * | |
| **ALLIANCE, as subrogee of J. GIBSON** | | |
| **McILVAIN COMPANY** | * | |
| | | |
| **Plaintiff** | * | |
| | | |
| **v.** | * | **CIVIL NO.:  1:08-CV-1529** |
| | | |
| **OBRECHT REALTY SERVICES, INC.,** | * | |
| **et al.** | | |
| | * | |
| **Defendants** | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Upon consideration of Chiptec Corporation's Motion for Summary Judgment and all

Opposition thereto, it is this _____ day of _____, 2009, by the United

States District Court for the District of Maryland, hereby

ORDERED: that Defendant Chiptec Corporation's Motion for Summary Judgment be,

and the same hereby is, GRANTED; and be it further,

ORDERED: that Defendant Chiptec Corporation be and the same hereby is, DISMISSED

WITH PREJUDICE from all claims arising out of Civil Action No.: 1:08-CV-1529.

_____
Judge – United States District Court
for the District of Maryland

cc:  All counsel of record

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **LUMBERMEN'S UNDERWRITING** | * | |
| **ALLIANCE, as subrogee of J. GIBSON** | | |
| **McILVAIN COMPANY** | * | |
| | | |
| **Plaintiff** | * | |
| | | |
| **v.** | * | **CIVIL NO.:  1:08-CV-1529** |
| | | |
| **OBRECHT REALTY SERVICES, INC.,** | * | |
| **et al.** | | |
| | * | |
| **Defendants** | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**DEFENDANT CHIPTEC CORPORATION'S MEMORANDUM OF POINTS AND**</u>
<u>**AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**</u>

Defendant, Chiptec Corporation, by and through its counsel, Anthony D. Dwyer and the

Law Office of Anthony D. Dwyer, hereby submits the following Memorandum in support of its

Motion for Summary Judgment.

<u>I.  Facts:</u>

On June 10, 2007, the Plaintiff avers that a fire occurred at the lumber yard, owned by J.

Gibson McIlvain, in White Marsh, Baltimore County, Maryland.  *See* Complaint at paragraph 11.

Plaintiff claims that the cause of the fire was a non-explosion proof light fixture emitting

"flammable vapors" in the saw dust pit of the boiler building at the lumberyard. *Id.* at paragraph

12.  Plaintiff claims that Chiptec is responsible for "improperly specifying, supplying and

installing a non-explosion proof light fixture in the sawdust pit of a woodworking plant in

violation of applicable codes, good design practice and/or the applicable plans." *Id.* at paragraph

13.  Count III of the Plaintiff's Complaint further accuses this Defendant of negligence in the

advice provided to Stamper Electric regarding the non-explosion proof light fixture for the

sawdust pit.  *See* Complaint at Count III.  Plaintiff's allegations are without merit.  The light

fixture in question operated without issue for more than six years from the time of installation

until the date of the fire.  Plaintiff's tenuous argument of negligence against this Defendant, and

for that matter any Defendant to this case, are in contravention to the facts of record.

On or about December 28, 1999, Defendant Chiptec entered into a contract with J.

Gibson McIlvain for the delivery and installation of a wood gasification system.  *See*

Proposal/Agreement dated December 20, 1999 and executed by the Plaintiff on December 28,

1999, attached hereto as Exhibit A.  The contract spells out the duties the Defendant was

contractually bound to supply to the Plaintiff McIlvain.  *Id.*  Nowhere in Exhibit A is there any

requirement that this Defendant specify, design, deliver, install, and/or provide information to the

Plaintiff regarding light fixtures for the boiler building.  *Id.*  Indeed, Chiptec specifically

excluded itself from any responsibility and/or liability for electrical wiring and/or consequential

damages not specified in the contract.  *See* Exhibit A at p. 4 and Limitation of Liability

Paragraph on execution page. Consequently, Chiptec owed McIlvain lumberyard no duty of care

with respect the light fixtures specified in the boiler building.  Indeed, the designee for Chiptec,

Bradley Noviski, testified under oath on January 5, 2009, that Chiptec does not get involved with

lighting for the building to house the Chiptec gasifier system.  *See* Excerpts of 1/9/09 depo.

transcript of B. Noviski, attached hereto as Exhibit B at pp. 56-57. The role of Chiptec, per the

testimony of J. Gibson McIlvain, the signatory to the contract with Chiptec and the owner of the

lumber yard in question was to "…everything that required the operation of the boiler, meaning

they would not have provided the roof or walls or the concrete work.  Their function,

fundamentally, I would have thought, was to provide us with the parts that run the boiler.  I mean

the boiler, the parts of the boiler, and the feeding system."  *See* excerpts of 2/2/09 depo.

transcript of J. Gibson McIlvain, attached hereto as Exhibit C at p. 73.  Clearly, the owner of the lumberyard in question did not interpret his contract with Chiptec to encompass the specification, design, delivery and/or installation of light fixtures for the boiler house construction.

The boiler house was open for business at the lumber yard by approximately Novemberr 2000.  *See* excerpts of M. Storck depo., attached hereto as Exhibit D, at pp. 86.  The light fixture thus operated without incident until the fire on June 10, 2007.  See excerpts of depo. of lumberyard mechanic, Grady Barr, attached hereto as Exhibit E at pp. 33-36.  The Plaintiff alleges that the negligence in the installation of a non-explosive light fixture is the cause of the fire on the date in question.  *See* Plaintiff's expert report attached hereto as Exhibit F at p. 14. The Plaintiff's expert's conclusion is in direct contravention to the opinions of the Baltimore County Fire Department and the Defendants' identified cause and origin fire experts. (Baltimore County Fire Department report attached hereto as Exhibit G; the expert report of Chiptec's expert, Rimkus, attached hereto as Exhibit H and the expert report of Stamper Electric attached hereto as Exhibit I.  Indeed, J. Gibson McIlvain, the owner of the lumberyard has indicated that he does not know what caused the June 2007 fire, nor does he believe that anyone will ever know what caused the fire.  Exhibit C at pp.135-139.

It should be noted that the lumberyard had one other fire involving the boiler house in October 2006, when a piece of scrap metal got caught in an auger of the fuel feed system. *See* Exhibit C at pp. 124-131. The October 2006 fire was paid by the same insurance company; however, the amount at issue was less than $100,000.00.  *See* expert's deposition of S. McAllister attached hereto as Exhibit J at pp. 71-76.  Consequently, the 2006 fire appears not to have resulted in any claim against anyone.  It should also be noted, that despite the fact that the

fire occurred in the boiler house in October 2006, the light fixture in 2006 did not "explode" in

that episode. *Id.*

## II.  The Law:

In Maryland, a negligence suit requires that the plaintiff prove by a preponderance of the

evidence that: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached his duty

of care to the defendant; *and* (3) the breach of the duty of care is the proximate cause of the

plaintiff's injuries.  Peterson v. Underwood, 258 Md 9, 17 (1970).  Plaintiff's burden of proof

cannot be satisfied by offering a mere scintilla of evidence, amounting to no more than surmise,

possibility or conjecture.  Myers v. Bright, 327 Md. 395 (1992).

### A.  Plaintiff Cannot Meet Its Burden of Proof that the Alleged Light Fixture Is the Probable and Proximate Cause of the June 2007 Fire at the Lumberyard.

In Peterson v. Underwood, supra, a young child was killed when a stone wall fell on him

that the plaintiff, as in the case at bar, claimed was constructed in contravention to the building

code.  In the Peterson case, as in this case, the wall, like the light, had been in existence without

substantial change for over four years (in our case the light fixture operated without problem for

more than six years).  The Maryland Court of Appeals held in Peterson, supra, that the plaintiff

failed to prove that any violation of the Code caused the wall to collapse. As in this case, the

injury, i.e., the fire in the case at bar "is so remote in time and space from defendant's original

negligence that another's negligence intervenes."  The Appellate Court in Peterson clearly stated

that where the evidence shows two or more equally likely causes of the injury, for only one of

which a defendant is responsible, the plaintiff cannot recover.  *See also*, Wankel v. A&B

Contractors, Inc., 127 Md. App. 128, 732 A.2d 333 (1998).

In the Peterson case, the fact that the wall had stood for four years without a problem,

even if the wall had not been built pursuant to Code, did not make the code violation the cause of

the wall's collapse since there was also evidence that a heavy rain had occurred near the time of the collapse, as well as children playing roughly on the wall.  Similarly, in the instant case, the Plaintiff lumberyard had a light fixture which even if not per code as the Plaintiff indicates, functioned for more than six years without incident. The County inspected and approved the building prior to its use for business in 2000.  *See* Inspection Certificate attached hereto as Exhibit L.  The Baltimore County Fire Marshal indicated that the cause of the June 10, 2007 fire could have been discarded smoking material, an electrical problem, and/or mechanical problem. Lumbermen's expert does not eliminate the other potential causes, as much as this expert hones in on the one possibility which involves a potential code violation.  The jury would be forced to speculate that Lumbermen's expert has the only correct possibility in contrast to the other four experts who have presented the conclusion that the precise cause cannot be discerned.  The passage of time between the installation of the light fixture to the fire some six plus years later is too tenuous to prove that the fire loss was proximately caused by the installation of the light fixture.

### B. Chiptec Was Not Bound by Any Contractual Duty to Plaintiff to Specify, Design, and/or Install Light Fixtures at the Boiler Building at the Lumberyard

Chiptec was not bound by its contract to McIlvain to specify any light for the boiler house building.  *See* Exhibit A.  The most that can be said about the Chiptec involvement in this light fixture matter is that a former employee of Chiptec when asked by the electrician whether the Chiptec areas were considered hazardous, indicated in the negative. *See* memos attached hereto as Exhibit K.  The information was then used to downgrade the light fixture to one that was non-explosive.  *See* Stamper Electric memo attached hereto as Exhibit L.  The information provided by Chiptec does not relieve the electrician of the obligation to review the specific Code requirements, nor necessarily does the alleged Code violation automatically mean the subject

area was a hazardous area.  Indeed, one expert has opined that the light fixture's continued use for more than six years without incident would make the area "nonhazardous" as per the information supplied by the former Chiptec employee.  *See* Rimkus expert report attached as Exhibit H Report of Findings dated 1/30/08 at p.3.

## III. <u>Conclusion:</u>

Just as in the <u>Peterson v. Underwood</u>, <u>supra</u>, case, the Plaintiff is asking the jury to speculate that the cause of the fire is the alleged negligent installation of a non explosion proof light fixture as opposed to the equally plausible causes of the fire, specifically, discarded smoking materials, an electrical fault in the wiring, arson, and/or sawdust on the top of the light fixture which ignited.  The length in time between the installation of the fixture until the ultimate fire incident some six plus years later is more indicative that the light fixture did not cause the fire than that it's installation played any role in this loss.

Accordingly, where Chiptec had no contractual duty to provide electrical specifications for light fixtures in the Boiler House building to either McIlvain Lumber Yard and/or Stamper Electric Company and where the act of alleged negligence is so distant in time and proximity to the damages claimed, Chiptec requests that the Court grant its Motion for Summary Judgment because the Plaintiff can introduce no material fact at issue to establish proximate causation by a preponderance of the evidence, and Chiptec is entitled to dismissal as a matter of law.

Respectfully submitted,

/s/  Anthony D. Dwyer_____
Anthony D. Dwyer, Bar #07397
Law Office of Anthony D. Dwyer
6011 University Boulevard
Suite 480
Ellicott City, MD  21043
(410) 720-4660
*Counsel for Defendant, Chiptec Corporation*