UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LUMBERMEN'S UNDERWRITING ALLIANCE as subrogee of J. Gibson McIlvain Company<br><br>Plaintiff,<br><br>vs.<br><br>OBRECHT REALTY SERVICES, INC., STAMPER ELECTRIC, INC., and CHIPTEC CORPORATION<br><br>Defendants. | * * * * * * * * | CIVIL NO.: 1:08-cv-1529 |

*********************************************

**PLAINTIFF'S MEMORANDUM OF
LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Federal Rule of Civil Procedure 41 allows a plaintiff, with the approval of the Court, to dismiss voluntarily an action at any time. Rule 41(a)(2) provides in pertinent part:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). The decision to grant a voluntary dismissal under Rule 41(a)(2) is a matter within the discretion of the district court. Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987).

"The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Id. (citations omitted). To fulfill this purpose, the rule requires a court order as a prerequisite to dismissal and permits the district court to impose

conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice. In this case, plaintiff is seeking the voluntary dismissal of two of the defendants with prejudice. "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interest of the defendant." Id. (citations omitted). None of the defendants herein will suffer prejudice as a result of the voluntary dismissal of two of the defendants.

Defendants Obrecht and Chiptec, the settling defendants that Plaintiff seeks to dismiss with prejudice, join in the request for their dismissal. Both have agreed to settle the claims filed by Plaintiff without an admission of liability in exchange for an appropriate release. There is likewise no prejudice to Defendant Stamper because it did not file cross-claims against either of its co-defendants as allowed by Rule 13 until after a tentative settlement was reached at the recent mediation. There is no prejudice to Defendant Stamper if the Court allows dismissal of plaintiff's claims against the settling defendants.

A voluntary dismissal may be taken against fewer than all defendants, as long as all claims are dismissed as against each one affected. Banque De Depots v. National Bank of Detroit, 491 F.2d 753, 757 (6th Cir. 1974). The term "action" used in the rule has not been construed so broadly as to encompass the entire controversy against all parties pending before the court, but includes only the entirety of claims against a single defendant or defendants. Pedrina v. Chun, 987 F.2d 608, 609 (9th Cir. 1993).

For the reasons set forth above, Plaintiff respectfully requests an Order dismissing Defendants Obrecht and Chiptec with prejudice and amending the caption of this

matter to reflect that the action will proceed to trial as <u>Lumbermen's Underwriting Alliance as subrogee of J. Gibson McIlvain Company v. Stamper Electric Corporation</u>.

                                     Respectfully submitted,

                                     COZEN O'CONNOR

                      BY:   <u>s/Mark T. Mullen</u>
                            Mark T. Mullen (*phv*)
                            Cozen O'Connor
                            1900 Market Street
                            Philadelphia, PA  19103
                            215-665-2091
                            Fax: 215-665-2013
                            Email:  mmullen@cozen.com
                            Attorneys for Plaintiff

CO COUNSEL
Thomas M. Wood, IV, Esquire
(Federal Bar No. 00365)
Neuberger, Quinn, Gielen,
Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, MD  21202
410-332-8523
Fax: 410-332-8564
Email:  tmw@nqgrg.com