UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LUMBERMEN'S UNDERWRITING ALLIANCE as subrogee of J. Gibson McIlvain Company | * | CIVIL NO.: 1:08-cv-1529 |
| Plaintiff, | * | |
| vs. | * | |
| OBRECHT REALTY SERVICES, INC., STAMPER ELECTRIC, INC., and CHIPTEC CORPORATION | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANT STAMPER ELECTRIC, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANTS OBRECHT REALTY SERVICES, INC. AND CHIPTEC CORPORATION**

Plaintiff, Lumbermen's Underwriting Alliance, as subrogee of J. Gibson McIlvain Company, seeks dismissal of two of the three original defendants that it filed suit against in this matter following a mediation before Chief Magistrate Judge Paul Grimm on March 8, 2010. Defendant Stamper Electric, Inc. ("Stamper Electric") objects to the dismissal of its two co-defendants primarily on the ground that it filed cross-claims against Obrecht Realty Services, Inc. ("Obrecht") and Chiptec Corporation ("Chiptec") after the mediation and after counsel for Plaintiff, Mark T. Mullen, contacted counsel for Defendant Stamper Electric requesting her agreement to dismiss pursuant to Rule 41(a)(1). Counsel for defendant, Jeaneen Johnson, advised counsel for Plaintiff she could not consent because of Stamper Electric's claims for contribution against Obrecht and Chiptec. Counsel for Plaintiff advised Ms. Johnson that Stamper had filed no such cross-claims in this action and there was therefore no basis to object to the dismissal. On Friday, March 12, 2010, Stamper Electric filed cross-claims against Obrecht and Chiptec. Plaintiff thereafter filed the present Motion to Dismiss pending before the Court.

Plaintiff respectfully requests that the Motion to Dismiss the parties be granted as the conditional settlements with Defendants Obrecht and Chiptec were specifically contingent upon the lack of cross-claims in this action. It is within the Court's sound discretion to strike the cross-claims that were filed one year and nine months after the Complaint and two months before trial. It is also within the Court's discretion to dismiss the defendants even if those cross-claims are not stricken as there is no prejudice to Stamper Electric. Contrary to Stamper Electric's claim, the Plaintiff and Defendants Chiptec and Obrecht will be prejudiced if the Court does not dismiss Obrecht and Chiptec because the parties only agreed to a settlement if both were dismissed from this action.

The Court is well aware of the facts of this case from the Motions for Summary Judgment that were filed by Defendants Chiptec and Obrecht. Following the denial of those motions, the parties attended a mediation before the Honorable Paul Grimm on March 8, 2010. Following the mediation, Plaintiff reached a tentative agreement to settle its claims with Defendants Obrecht and Chiptec. One of the key conditions of those settlements was the fact that there were no cross-claims filed or pending against Obrecht and Chiptec by Defendant Stamper Electric. As a result, in exchange for an appropriate joint tortfeasor release to be prepared, the Plaintiff agreed to dismiss Defendants Obrecht and Chiptec so that Plaintiff could try its claims against Defendant Stamper Electric in this action and, if Plaintiff was successful, Defendant Stamper Electric would have to file a separate action against its co-defendants as Defendant Stamper Electric had never filed cross-claims against its co-defendants.

On Tuesday, March 9, 2010, the parties received an e-mail from the Chambers of Judge Bennett stating:

> Chambers has been advised by Judge Grimm that this case has been settled as to Defendants Obrecht & Chiptec. When may Judge Bennett expect to receive your Stipulation of Dismissal as to these two defendants?

See Exhibit 1 attached hereto.

Thereafter, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), counsel for Plaintiff sent an e-mail on March 9, 2010 to all counsel requesting consent to file a Stipulation of Dismissal as discussed at the mediation and requested by Judge Bennett's Chambers. A copy of the email is attached hereto as Exhibit 2. Counsel for Plaintiff advised all counsel that "I assume, based on the representations by [counsel for Obrecht and Chiptec] yesterday, that there are no cross-claims by Stamper against the other defendants such that Stamper does not object to the voluntary dismissal."

Shortly thereafter, counsel for Plaintiff spoke with counsel for Stamper Electric, Jeaneen Johnson. Ms. Johnson advised that she would not consent to the Stipulation of Dismissal because she had contribution claims against Defendants Obrecht and Chiptec. Counsel for Plaintiff, Mark T. Mullen, advised Ms. Johnson that counsel for Obrecht and Chiptec and Judge Grimm had assured Plaintiff's counsel that there were no cross-claims pending and that she would have to pursue her claims for contribution in a separate action as they were not filed in this action. Counsel for Stamper Electric would not agree to the Stipulation of Dismissal.

Counsel for Plaintiff thereafter advised Susan Parker from Judge Bennett's Chambers what had taken place and asked whether the Court required a formal motion or a letter motion. See Exhibit 3 attached hereto. Counsel for Plaintiff was advised to file a formal motion to dismiss on Thursday, March 11, 2010. See Exhibit 4 attached hereto.

On Friday, March 12, 2010, before Plaintiff was able to prepare and file its motion to dismiss, Defendant Stamper Electric filed cross-claims against Defendants Obrecht and Chiptec. See Exhibit 5 attached hereto. Defendants Obrecht and Chiptec have filed motions to strike the cross-claims as untimely and prejudicial. Those motions are presently pending before the Court.

3

Pursuant to Federal Rule of Civil Procedure 41(a)(2), the Court can order dismissal at a plaintiff's request as follows:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss; the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph 2 is without prejudice.

At the time Plaintiff and Defendants Obrecht and Chiptec entered into their conditional settlement, there were no pending cross-claims to prevent the complete dismissal of those defendants from the case so that they would be required to attend trial. Plaintiff agreed to the dismissal because there were no cross-claims and there would therefore be no empty chairs at trial. The conditional release, that has not been signed by the parties because of this motion and the newly filed pending cross-claims, conditions any settlement upon Defendants Obrecht and Chiptec being completely dismissed from this action. The release also conditionally provides that if Plaintiff prevails at trial, and Stamper Electric files contribution or indemnity claims against Chiptec or Obrecht, counsel for Plaintiff will defend those actions.

Defendants Obrecht and Chiptec will be protected by the amount of the confidential settlement or the actual percentage of causal fault determined by a fact finder at a later trial. The Plaintiff would not have agreed to this settlement had there been cross-claims pending by Defendant Stamper. Plaintiff has not moved for dismissal of its claims against Defendants Chiptec and Stamper, but has moved for dismissal of those parties from this action. If those parties remain in this action because of the cross-claims filed on March 12, then there is no settlement and the trial will remain against all three defendants necessitating seven or eight days of trial, instead of three or four. There is substantial prejudice to the Plaintiff and Defendants Chiptec and Obrecht if that is the case.

Federal Rule of Civil Procedure 13(g), which provides the mechanism for asserting cross-claims. does not provide a time frame. This Court, however, has the unquestioned authority to enter orders controlling when and how cases proceed to trial. On August 8, 2008, the Court entered its Initial Scheduling Order which provided, among other dates, that September 22, 2008 was the deadline for moving for joinder of additional parties and amendment of pleadings. Defect Obrecht timely filed cross-claims against its co-defendants but Defendant Stamper Electric did not file its cross-claims or move the Court for a different date until filing its cross-claims on March 12, 2010.

Defendant Stamper Electric cites as support for its position Scaba Dryer Fabrics, Inc. v. Saville, 2009 WL5103207 (Md. App. 2009). As that case was decided under Maryland law, it has no precedential value here where the Court must follow the Federal Rules of Civil Procedure and federal law interpreting those rules. In addition, Defendant Stamper Electric's claim that there will be a waste of judicial resources is mistaken. If the Court dismisses Defendants Obrecht and Chiptec, the trial of this matter, presently scheduled for seven or eight days, will be reduced to three or four days. If there is a verdict in favor of Defendant Stamper Electric, the case will end. If there is a verdict in favor of Plaintiff, Defendant Stamper Electric will have the option of having its verdict reduced by the settlement amount paid by Defendants Obrecht and Chiptec (assuming a Release agreeable to the parties has been executed) or pursuing its contribution or indemnity claims in a separate action and have a factfinder assess the actual percentage of causal fault among Stamper Electric, Obrecht, and Chiptec. Had Defendant Stamper Electric intended to do so in this action, it should have timely filed its cross-claims long before the eve of trial and only after a tentative settlement was reached between the Plaintiff and its two co-defendants.

In short, whatever alleged prejudice and increased costs Defendant Stamper Electric may suffer are the result of its own actions. At this point in time, allowing the cross-

claims to proceed will prevent the tentative settlement and require Chiptec and Obrecht to remain in the case to defend this matter at trial and lose the benefit of a negotiated settlement with the Plaintiff.

The decision to grant a voluntary dismissal under Rule 41(a)(2) is a matter within the discretion of the district court. Davis v. U.S.X Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). Since the purpose of Rule 41(a)(2) is freely to allow voluntary dismissal unless the parties will be unfairly prejudiced, there is no unfair prejudice to Defendant Stamper Electric here. Defendant Stamper Electric had sufficient time in the Scheduling Order to file cross-claims against the co-defendants if it intended to pursue those cross-claims. Defendant Stamper Electric waited until the eve of trial one year and nine months after the filing of Plaintiff's Complaint to file such cross-claims. Stamper Electric appeared to do so only after being advised of the tentative settlement by its co-defendants and the request by the Court and Plaintiff's counsel for a Stipulation of Dismissal as to Defendants Obrecht and Chiptec.

Plaintiff respectfully requests that its Motion to Dismiss Defendants Obrecht and Chiptec in their entirety be granted but, if the Court is going to allow the recently filed cross-claims to proceed, the Plaintiff respectfully withdrawals its Motion to Dismiss as this case must proceed to trial against all three defendants if the cross-claims are allowed.

Respectfully submitted,

COZEN O'CONNOR

CO COUNSEL  
Thomas M. Wood, IV, Esquire  
(Federal Bar No. 00365)  
Neuberger, Quinn, Gielen,  
Rubin & Gibber, P.A.  
One South Street, 27th Floor  
Baltimore, MD 21202  
410-332-8523  
Fax: 410-332-8564  
Email: tmw@nqgrg.com  

BY:   /s/ Mark T. Mullen  
Mark T. Mullen (*phv*)  
1900 Market Street  
Philadelphia, PA 19103  
215-665-2091  
Email: mmullen@cozen.com  
*Attorneys for Plaintiff Lumbermen's Underwriting Alliance a/s/o J. Gibson McIlvain Company*